# John Price, Appellee, v. The Clover Leaf Coal Mining Company, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Montgomery county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 5, 1914. Rehearing denied June 25, 1914.

## Statement of the Case.

Action by John Price against The Clover Leaf Coal Mining Company to recover for personal injuries sustained by plaintiff while working as a coal miner in defendant's mine. From a judgment in favor of plaintiff for one thousand five hundred dollars, defendant appeals.

The declaration contains three counts. The first

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

count avers the enactment of the Compensation Act approved June 10, 1911, J. & A. ¶¶ 5449 *et seq.*, that the defendant had elected not to provide and pay compensation according to the provisions of said act, and that defendant thereby was deprived of the common-law defense of assumed risk, fellow-servant and contributory negligence, except that contributory negligence of an employee shall be considered in reduction of damages; that the plaintiff had elected to accept the provisions of said act which entitled him to recover for the injuries sustained; that while the plaintiff was engaged as a miner in a certain cross-cut between certain rooms, a large piece of slate, which had been hanging in the roof for, towit, a week, the condition of which was or by the exercise of ordinary care would have been known to defendant, without warning, fell upon and injured plaintiff, etc.

The second count contains the further averment that it was the duty of defendant to use reasonable care to furnish the plaintiff a safe place to work, but that disregarding its duty it negligently caused plaintiff to work in said cross-cut, which was not a reasonably safe place, as there was a large, loose and dangerous rock hanging over where plaintiff passed and was employed, the condition of which, by the exercise of due care, was or could have been known to defendant.

The third count avers that defendant was operating a coal mine and in said coal mine was a certain cross-cut where plaintiff was required to pass and work. It pleads the provisions of section 21, of the Miners' Act of 1911, J. & A. ¶ 7495, concerning mine examiners and avers that in said cross-cut where plaintiff was required to work was a dangerous roof and that the mine examiner wilfully failed to place a conspicuous mark thereat, and failed to take up plaintiff's entrance check, and permitted plaintiff to enter the mine and to work during regular working hours under said dangerous roof, and while plaintiff was so employed

Price v. The Clover Leaf Coal Mining Co., 188 Ill. App. 27.

said dangerous rock fell on him, etc. A demurrer which is general and special was overruled, after which defendant filed a plea of not guilty.

The defendant moved for a rule on plaintiff to elect on which count he would rely for a recovery and this motion was overruled. At the close of the evidence plaintiff requested the court to give instructions directing the jury to find the defendant not guilty on each count. These were refused.

The demurrer for special causes states with other reasons that the Compensation Act is unconstitutional and invalid, and that it is not averred that the plaintiff gave notice that he had elected to accept the provisions of the Compensation Act.

The defendant has assigned for error and contends that the court erred (1) in overruling the demurrer; (2) in refusing to require plaintiff to elect on which counts he would ask a recovery; (3) in refusing to direct a verdict of not guilty; (4) that the judgment is contrary to the evidence and excessive; and (5) in the giving of certain instructions.

MILLER & McDAVID, for appellant; D. R. KINDER, of counsel.

HILL & BURLINGTON, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1682*—*when pleading over waives error in ruling on demurrer.* Where a party to an action desires to have an order of court overruling a demurrer reviewed in a higher court he must abide by the demurrer; by pleading over the demurrer is waived.

2. APPEAL AND ERROR, § 1718*—*when appeal to Appellate Court waives constitutional questions.* A party taking an appeal to the

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Appellate Court upon assignments of error, which include a ruling on a constitutional question, waives the constitutional question.

3. APPEAL AND ERROR, § 800*—*when ruling on motion to require election of count in declaration not saved for review.* A ruling of the court on a motion to require plaintiff to elect on which count of the declaration he would ask recovery is not saved for review where neither the motion, the ruling of the court nor any exception thereto are preserved in the bill of exceptions.

4. APPEAL AND ERROR, § 565*—*necessity of exceptions to save ruling on motions made preliminary to trial.* Section 81 of the Practice Act, J. & A. ¶ 8618, providing that a formal exception is not necessary to save for review rulings on questions during the progress of the trial, has no application to motions made preliminary to the trial, such as motions for a continuance or motions to require plaintiff to elect on which count in the declaration he will ask recovery.

5. APPEAL AND ERROR, § 800*—*when rulings on motion must be preserved by bill of exceptions.* Rulings on motions preliminary to a trial, which are not a part of a common-law record, must be preserved by a bill of exceptions.

6. PLEADINGS, § 58*—*when plaintiff not required to elect between counts.* Denial of a motion to require plaintiff to elect on which count in the declaration he will ask recovery, *held* not error where all the counts are based on the same state of facts.

7. ACTION, § 41*—*when not a misjoinder of causes of action.* There is no misjoinder of causes of action in several counts of the declaration where all the counts are based on the same state of facts.

8. ACTION, § 44*—*when plaintiff not required to bring separate actions.* Where a defendant is liable to plaintiff for personal injuries in an action at law either under section 21 of the Miners' Act, J. & A. ¶ 7495, or in an action at law as modified by other provisions of the statute, the plaintiff should not be required to bring separate actions based on the same facts.

9. WORKMEN'S COMPENSATION ACT, § 5*—*when count in declaration based on Workmen's Compensation Act defective.* A count in a declaration to recover for personal injuries which pleads the Compensation Act of 1911, J. & A. ¶¶ 5449 et seq., and avers simply that plaintiff was injured in the course of his employment without averring the failure to perform any duty which defendant owed to plaintiff, or any negligence or carelessness on the part of the defendant, *held* not to be a good count where the defendant had elected not to come under the act.

10. WORKMEN'S COMPENSATION ACT, § 2*—*Workmen's Compensation Act construed.* Sections 3 and 10 of the Workmen's Compensa-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Price v. The Clover Leaf Coal Mining Co., 188 Ill. App. 27.

tion Act of 1911, J. & A. ¶¶ 5451, 5459, apply only to cases where both parties have accepted the provisions of the act.

11. WORKMEN'S COMPENSATION ACT, § 2*—*right of employee to recover under Workmen's Compensation Act where employer refused to accept provisions of act.* Where an employer has refused to accept the provisions of the Workmen's Compensation Act of 1911, he thereby waives his defenses of assumed risk, fellow-servant and contributory negligence, and an employee who has not refused to accept its provisions may maintain an action against his employer for injuries received by him freed from said defense, if it is averred that the injuries were caused by the negligence of the employer and the evidence sustains the declaration subject only to the provision that contributory negligence shall be considered in reducing the amount of damages.

12. MINES AND MINERALS, § 182*—*when question relating to examination of mine is for jury.* In an action to recover for injuries sustained by a miner from the fall of a stone from the roof of the mine, where it was alleged that the mine examiner failed to mark the dangerous condition of the roof, *held* under the evidence it was a question for the jury whether the examination was of the kind contemplated by statute and whether the roof at that time was safe or was in fact dangerous.

13. MINES AND MINERALS, § 187*—*when instruction based on counts in declaration erroneous.* In an action to recover for personal injuries received by plaintiff in defendant's mine, an instruction telling the jury that if they find that the evidence bearing on plaintiff's case, as alleged in his declaration or in either count thereof, preponderates in his favor although but slightly it will be sufficient to warrant a finding for plaintiff, *held* erroneous where one of the counts was defective in failing to aver any negligence.

14. WORKMEN'S COMPENSATION ACT, § 2*—*when instruction stating language of Compensation Act misleading.* An instruction stating the provisions of section 1 of the Workmen's Compensation Act, J. & A. ¶ 5449, *held* misleading in so far as it states that part of the section preceding the portion which states the penalties imposed for refusal of employer to accept the provisions of the act.

15. MINES AND MINERALS, § 189*—*when instruction in language of Miners' Act not misleading.* The giving of an instruction in the language of paragraph "b" of section 21 of the Miners' Act, J. & A. ¶ 7495, *held* not misleading though parts of it had no application to the case.

---

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.