## William R. Daly, Appellee, v. New Staunton Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action by William R. Daly, plaintiff, against New Staunton Coal Company, defendant, to recover damages for injuries received as the result of his being thrown from a train of empty cars, upon which he was riding down grade by gravity in defendant's mine, upon its colliding with another train of empty cars drawn by a motor. From a judgment for plaintiff for $9,500, after requiring a remittitur of $5,500, defendant appeals.

WILLIAM E. WHEELER, for appellant.

BURTON & BURTON and CLARK & HUTTON, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. MINES AND MINERALS, § 114*—*who is not vice principal.* The bottom boss in a coal mine while performing duties in the mine not pertaining to his duties as such boss, *held* not to be a vice principal so as to exempt the owner of the mine from liability for negligence resulting in injuries to such boss while performing such duties.

2. MINES AND MINERALS, § 182*—*what are questions for jury in*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Daly v. New Staunton Coal Co., 203 Ill. App. 164.

*action by miner for injuries sustained by collision of train of cars with insufficiently lighted motor-drawn train.* In an action by a miner for damages for personal injuries sustained as the result of the collision of a train of empty cars on which he was riding down grade by gravity in a coal mine colliding with a motor-drawn train of empty cars, *held* that whether a light on the motor was a conspicuous light such as was required by the statute (J. & A. ¶ 7489), and whether the plaintiff would have been able to have observed a light of sufficient brilliancy and have known of the approach of the motor in time to have escaped injury were questions for the jury.

3. NEGLIGENCE, § 196*—*what is question for jury.* The question of proximate cause of an injury is for the jury.

4. MINES AND MINERALS, § 189*—*when instruction quoting statute as to lights on cars is not erroneous.* Where the only contention in an action by a miner for personal injuries was whether there was a white light on the front of a motor in a coal mine which struck a train of cars on which he was riding and a verdict was directed upon a finding there was such a light, an instruction quoting the whole of the statute referring to a red light as well as a white one (J. & A. ¶ 7489), while there was no proof as to a red light, could not have misled the jury and was not objectionable.

5. WORKMEN'S COMPENSATION ACT, § 12*—*when instruction as to defenses employer electing not to operate under is deprived of is not erroneous.* There is no error in giving an instruction fully advising the jury as to the defenses which an employer is deprived of by its electing not to operate under the Workmen's Compensation Act, distinguishing the case of *Price v. Clover Leaf Coal & Mining Co.*, 188 Ill. App. 27.

6. INSTRUCTIONS, § 107*—*when instruction merely presenting plaintiff's view of case is not erroneous.* An instruction which does not direct a verdict but merely presents plaintiff's view of the case is not erroneous for not including the defense urged by the defendant, particularly where an instruction on behalf of the defendant fully advises the jury as to his rights.

7. NEGLIGENCE, § 237*—*when modification of instruction on proximate cause is correct.* In an action for negligent injuries, *held* that an instruction offered by the defendant, to the effect that if the jury found the plaintiff was negligent and that his negligence was the proximate cause of his injury they should find the defendant not guilty, was erroneous, and that the court properly inserted the word "sole" before the word "promixate."

8. DAMAGES, § 122*—*when verdict for personal injuries as remitted is not excessive.* In an action against an employer for

---

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

damages for personal injuries, where the plaintiff was shown to have lost a leg and been sick and suffered severe pain for many months, had earned a salary of $100. a month, and by the injury was wholly disabled from performing the work he was accustomed to or had prepared to perform, *held* that a verdict for $15,000 as remitted to $9,500, was not excessive.